# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 12-2710-CM |
| ) | Criminal Case No. 04-20105-01-CM |
| MICHAEL C. COOPER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On November 5, 2012, defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. In that motion, defendant argues—among other things—that his trial counsel was constitutionally ineffective because trial counsel: (1) failed to move for a mistrial after defendant learned that during deliberations the jury foreperson performed her own investigation and announced the results to the entire jury panel, and (2) failed to make additional inquiry into the level of contamination of the jurors when the judge individually questioned the jurors about this issue.

Currently before the court is defendant's motion to expand the record to include "a transcript of the jury voir dire, after the jury had been charged" (doc. 404). He requests that the transcript be provided for free because he lacks sufficient funds. Defendant has demonstrated a particularized need for the transcript and has linked his ineffective assistance of counsel claims to this portion of the transcript. In addition, the court determines that these arguments are not frivolous and that the court needs a copy of the transcript to decide the issues presented. *See* Rule 7 of the Rules Governing § 2255 Proceedings ("[T]he judge may direct the parties to expand the record by submitting additional materials relating to the motion."); 28 U.S.C. § 753(f) (authorizing the United States to pay for

-1-

transcripts when judge certifies that issue is not frivolous and that the transcript is needed to decide the presented issues). Accordingly, the court grants defendant's motion and directs the court reporter to produce a copy of this limited portion of the transcript, which will be paid for through CJA funds.

Although not specifically requested, the court grants defendant until January 30, 2013, to file a supplemental brief discussing the two ineffective assistance of counsel claims identified in the first paragraph of this order and including citations to the transcript. **To be clear**, the supplemental brief is limited to these two arguments. Defendant **may not** supplement other arguments or add new arguments. The supplemental brief is limited to **five (5) pages**. The government's response deadline is extended until February 20, 2013, and defendant's reply deadline is extended until March 13, 2013.

**IT IS THEREFORE ORDERED** that defendant's Motion to Expand the Record in Habeas Proceedings (Rules for Section 2255 Proceedings 7) (doc. 404) is granted. The court expands the record to include a copy of the transcript of the jury voir dire after the jury had been charged. The court directs the court reporter to produce a copy of this portion of the transcript, which will be paid for through CJA funds.

**IT IS FURTHER ORDERED** that defendant is granted until January 30, 2013, to file a supplemental brief discussing the two ineffective assistance of counsel claims identified in the first paragraph of this order and including citations to the transcript. **To be clear**, the supplemental brief is limited to these two arguments. Defendant **may not** supplement other arguments or add new arguments. The supplemental brief is limited to **five (5) pages**. The government's response deadline is extended until February 20, 2013, and defendant's reply deadline is extended until March 13, 2013.

Dated this 9th day of January, 2013, at Kansas City, Kansas.

                                                s/ Carlos Murguia
                                                **CARLOS MURGUIA**
                                                United States District Judge